UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DERRICK LEE SMITH,

                        Plaintiff,

                                        Case No. 1:22-cv-149

v.

                                        Honorable Gordon J. Quist

JASON BROCK et al.,

                        Defendants.

_____/

**<u>OPINION</u>**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the

Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is

required to dismiss any prisoner action brought under federal law if the complaint is frivolous,

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a

defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must

read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and

accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton*

*v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's

Fourteenth Amendment due process claims and Eighth Amendment claims. The Court will also

dismiss, for failure to state a claim, Plaintiff's First Amendment retaliation claims against

Defendants Scanlon and Brown. Plaintiff's claims against Defendants Brock, Scanlon, and Brown

regarding the opening of, and interference with, his legal mail and the denial of his access to the

courts remain in the case. Additionally, Plaintiff's First Amendment retaliation claim against

Sergeant Brock remains in the case. Plaintiff's motion for an evidentiary hearing to determine the

need for sanctions (ECF No. 2) will be denied, and Plaintiff's motion for subpoenas (ECF No. 4) and motion for preliminary injunction and temporary restraining order (ECF No. 7) will be denied without prejudice.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Sergeant Jason Brock, and Mailroom Clerks G. Scanlon and K. Brown.

In Plaintiff's complaint, he alleges that in April or May of 2021, he was speaking to prison counselor J. Betts, who is not a Defendant in this action, "regarding outgoing legal mail and [Plaintiff's] appeal," and "[Sergeant] Brock interjected" with the following response to Plaintiff: "if you get out all you['re] going to do is rape someone or kill someone." (Compl., ECF No. 1, PageID.7.)[1] Plaintiff contends that Sergeant Brock then "said that he would do everything he can to make sure [Plaintiff] do[es] not get out." (*Id.*) During this conversation, Sergeant Brock asked Plaintiff if he remembered when "500 pages that were [sent to Plaintiff] from Judge Bridget Hathaway" were missing in July of 2019. (*Id.*) Sergeant Brock indicated that he told Mailroom Clerks Scanlon and Burks, the latter of whom is not a party to this action, "to destroy said mail." (*Id.*)

"Less th[a]n one week" after the above conversation, Plaintiff was moved to a new unit. (*Id.*) Plaintiff states that "it was Officer Brock who instructed [Plaintiff] that [he] was moving." (*Id.*) Plaintiff took the state-issued chair that he had been using "for so long" to his new unit. (*Id.*)

---

[1] The Court corrects the capitalization in quotations from Plaintiff's filings in this opinion.

Plaintiff contends that this chair was assigned to him, but "the unit officer called and told [Plaintiff] that []Officer Brock said that [Plaintiff] needed to []bring the chair back" to his prior unit. (*Id.*) Plaintiff alleges that this "was done solely out of spite by this officer who is a racist and a prejudicial human being that literally hates [Plaintiff] for reasons that are simply based on his own distorted belief system." (*Id.*)

Plaintiff also alleges that on December 18, 2021, Sergeant Brock "told [Plaintiff] several things that detailed how [Sergeant Brock] has access to [Plaintiff's] incoming and outgoing legal work," and that "because [Plaintiff] ha[s] written grievances on him, he will destroy [Plaintiff's] legal work in the future as he has done in the past." (*Id.*, PageID.5.) Plaintiff contends that Sergeant Brock indicated that he had intercepted Plaintiff's outgoing legal mail on November 15, 2021, which Plaintiff intended to send to the United States Court of Appeals. (*Id.*) Further, Plaintiff alleges that Sergeant Brock "[b]ragged to [him] that when legal mail goes out and when it comes in, the mailroom sends it to an area that is 'not monitored' and 'not filmed' and [Sergeant Brock] can and has accessed it plenty of times" and has "destroyed [Plaintiff's] outgoing legal mail . . . on multiple instances." (*Id.*)

Specifically, Plaintiff alleges that Sergeant Brock "said that he destroyed [Plaintiff's] outgoing legal mail that [Plaintiff] sent to the [U.S.] Court of Appeals in Case[ No.] 21-1595 and other cases pending in the U.S. Court of Appeals and District Courts, all 'because he could' and because he 'did not like [Plaintiff] writing grievances and filing lawsuits.'" (*Id.*, PageID.6.) Further, Plaintiff alleges that Sergeant Brock "[b]ragged" about "G. Scanlon and K. Brown giv[ing] him [Plaintiff's] outgoing and incoming legal work out of camera range and how they destroyed [Plaintiff's] legal work" in the above-listed case, "as well as other cases." (*Id.*, PageID.5–6.) Plaintiff states that "[t]hese events have happened and have cost [him] his case

and other cases . . . and it has all happened because [Sergeant] Brock has made them happen." (*Id.*, PageID.6.)

Based on the foregoing allegations, Plaintiff avers that Sergeant Brock and Mailroom Clerks Scanlon and Brown have violated his First Amendment right "to be free from retaliation," his right "of access to the courts," his First Amendment right "to have [his] legal mail opened in [his] presence and not destroyed," his Fourteenth Amendment due process rights, and "their combined and individual actions violate the [Eighth] Amendment[']s ban on cruel and unusual punishment." (*Id.*, PageID.4; *see id.*, PageID.5.) As relief, Plaintiff requests compensatory and punitive damages, as well as injunctive relief. (*Id.*, PageID.4, 8.)

## II.     Plaintiff's Pending Motions

Plaintiff has filed three motions in this action. The Court addresses each motion in turn.

### A.     Motion for an Evidentiary Hearing to Determine the Need for Sanctions

In Plaintiff's first-filed motion, which he styled as a "Motion for an Evidentiary Hearing to Determine the Need for Sanctions," Plaintiff requests that the Court impose sanctions against Defendants "in the amount of $1,000.00 each" for removing "page 8" of the instant complaint when he mailed it to the Court. (ECF No. 2, PageID.14.) Plaintiff states that "he did in fact mail a total of 11 pages to the Court," and "Defendants removed a page from the original lawsuit filed against them." (*Id.*)

Upon review of Plaintiff's complaint in this action, the Court notes that Plaintiff's docketed complaint, including the relevant attachments, consists of 11 pages with Plaintiff's handwritten page numbers of 1 through 11 at the bottom of each page. (*See* ECF No. 1.) Because all 11 pages of Plaintiff's complaint were filed in this case, Plaintiff's request for an evidentiary hearing regarding the imposition of sanctions on Defendants for the alleged removal of "page 8" of the instant complaint will be denied.

4

**B.     Motion for Subpoenas**

Plaintiff also filed a motion requesting that the Clerk "provide [him] with subpoenas" directing Defendant Brock "to produce documents, materials[,] and other things." (ECF No. 4, PageID.23.)

This action is presently before the Court for preliminary review under 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), and after the entry of this opinion, the matter will be referred to the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program. At that time, an order will be entered staying the case for any purpose other than mediation. Accordingly, at this time, Plaintiff's request for the issuance of subpoenas is premature and will be denied without prejudice.

**C.     Motion for Preliminary Injunction and Temporary Restraining Order**

Although Plaintiff styled his third-filed motion as a "motion for preliminary injunction/temporary restraining order," upon review of the motion, it appears that Plaintiff is attempting to use this motion to supplement his complaint. (*See* ECF No. 7.) Because Plaintiff has not properly filed his motion pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, Plaintiff's motion seeking to supplement his complaint may be denied for this reason alone.

Furthermore, to the extent that Plaintiff seeks a preliminary injunction and/or a temporary restraining order, preliminary injunctions and temporary restraining orders are some of "the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)). The issuance of preliminary injunctive relief is committed to the discretion of the district court. *See Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not

5

issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Nader*, 230 F.3d at 834. These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *see also S. Galzer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co*., 860 F.3d 844, 849 (6th Cir. 2017) ("[T]hese are factors to be balanced, not prerequisites to be met."); *Nat'l Viatical, Inc. v. Universal Settlements Int'l, Inc.*, 716 F.3d 952, 956 (6th Cir. 2013) (same); *Ne. Ohio Coal.*, 467 F.3d at 1009 (same); *Nader*, 230 F.3d at 834 (same).

Under controlling Sixth Circuit authority, Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his § 1983 action. *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). Plaintiff has not made such a showing. Although the Court makes no final determination on this issue, it is not at all clear from Plaintiff's *pro se* complaint or subsequent filings that Plaintiff has a substantial likelihood of success on his claims.

Accordingly, for all of the foregoing reasons, Plaintiff's motion for preliminary injunction and temporary restraining order will be denied without prejudice.

## III.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that

is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    First Amendment Claim Regarding Legal Mail

Plaintiff alleges that Defendants Brock, Scanlon, and Brown have opened his legal mail outside of his presence and have destroyed his incoming and outgoing legal mail on multiple occasions. (*See* Compl., ECF No. 1, PageID.5–7.)

The United States Court of Appeals for the Sixth Circuit has held that prison regulations governing "legal" mail are subject to a heightened standard than those governing general mail. *See Sallier v. Brooks*, 343 F.3d 868, 873–74 (6th Cir. 2003) (finding that legal mail is entitled to a

heightened level of protection to avoid impinging on a prisoner's legal rights, the attorney-client privilege, and the right to access the courts). The ability of a prisoner "to receive materials of a legal nature" related to his legal rights and concerns itself implicates a fundamental right. *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996). Courts have therefore extended protections to prisoners' legal mail that do not exist for general mail. For example, although "prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security," *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993), "the opening of 'legal mail' should generally be in the inmate's presence . . . ." *Kensu*, 87 F.3d at 174 (citing *Wolff v. McDonnell*, 418 U.S. 539, 576–77 (1974)).

Further, with respect to outgoing mail, generally, "isolated instances of interference with prisoners' mail" do not rise to the level of a constitutional violation under the First Amendment. *See Johnson v. Wilkinson*, 229 F.3d 1152 (6th Cir. 2000) (citing *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997)); *Colvin v. Caruso*, 605 F.3d 282, 293 (6th Cir. 2010) (citing *Johnson* for the holding that "isolated incidents" of interference with prisoners' rights do not rise to the level of a First Amendment violation). However, repeated instances of interference with a prisoner's mail, such as repeatedly opening the prisoner's legal mail outside of his presence may state a claim upon which relief may be granted. *See, e.g.*, *Greeno v. Litscher*, 13 F. App'x 370, 376 (7th Cir. 2001) (finding that "repeated instances of a prisoner's legal mail being opened outside of his presence are actionable" (citations omitted)).

Here, Plaintiff alleges that, on multiple occasions, Defendants Brock, Scanlon, and Brown have opened his legal mail outside of his presence, and have interfered with and destroyed his outgoing legal mail. At this stage of the proceedings, taking Plaintiff's allegations as true and in

the light most favorable to Plaintiff, Plaintiff's First Amendment claims regarding his legal mail

may not be dismissed on initial review.[2]

### B.     First and Fourteenth Amendment Claims Regarding Denial of Access to the Courts

Plaintiff claims that Defendants Brock, Scanlon, and Brown have destroyed his legal

documents, which prevented him from pursuing his claims in Action No. 21-1595 in the Sixth

Circuit Court of Appeals. (*See* Compl., ECF No. 1, PageID.5–6.)

It is clearly established that prisoners have a constitutionally protected right of access to

the courts under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 354

(1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

Prison officials have a two-fold duty to protect a prisoner's right of access to the courts. *McFarland*

*v. Luttrell*, No. 94-6231, 1995 WL 150511, at *3 (6th Cir. Apr. 5, 1995). First, they must provide

affirmative assistance in the preparation of legal papers in cases involving constitutional rights, in

particular criminal and habeas corpus cases, as well as other civil rights actions relating to the

---

[2] The Court notes that in Plaintiff's complaint in this action, he contends that Sergeant Brock indicated that he was involved in an incident in July 2019, in which "500 pages" of legal mail "from Judge Bridget Hathaway" was destroyed. (Coml., ECF No. 1, PageID.7.) Plaintiff is currently litigating a substantially similar claim in Action No. 1:19-cv-1018, which is pending in this Court. *Smith v. Burk*, No. 1:19-cv-1018 (W.D. Mich.). With respect to duplicative claims in a complaint, a complaint is duplicative and subject to dismissal if the claims, parties, and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See, e.g.*, *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). Here, although Sergeant Brock is not named as a Defendant in Action No. 1:19-cv-1018, the factual allegations in this action regarding the interference with Plaintiff's receipt of "500 pages" of legal mail in July 2019 are identical to the factual allegations in Plaintiff's prior complaint regarding this claim. Plaintiff may not litigate identical claims in two separate actions. Accordingly, in this action, the Court will not consider Plaintiff's allegation regarding Sergeant Brock's involvement in the above-discussed July 2019 incident. Any such claim would be properly brought in Plaintiff's previously filed action, which remains pending.

prisoner's incarceration. *Id.* (citing *Bounds*, 430 U.S. at 824–28). Second, the right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate's accessibility to the courts. *Id.* (citing *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992)); *see also Bounds*, 430 U.S. at 822 (citing *Ex parte Hull*, 312 U.S. 546, 549 (1941)).

In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to pending or contemplated litigation. *See Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. Viewing the allegations in the complaint in the light most favorable to Plaintiff, although Plaintiff has by no means proven his access to the courts claims, the Court concludes that Plaintiff appears to state access to the courts claims against Defendants Brock, Scanlon, and Brown. Therefore, these claims may not be dismissed on initial review.

### C.    First Amendment Claims Regarding Retaliation

Plaintiff alleges that Defendants Brock, Scanlon, and Brown violated his First Amendment right "to be free from retaliation." (Compl., ECF No. 1, PageID.5.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

### 1.    Defendants Scanlon and Brown

Although Plaintiff alleges generally that Defendants Scanlon and Brown violated his First Amendment right "to be free from retaliation," Plaintiff fails to allege sufficient facts to suggest that Defendants Scanlon and Brown acted in retaliation for any action taken by Plaintiff. (Compl., ECF No. 1, PageID.4.) Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Here, Plaintiff's retaliation claims against Defendants Scanlon and Brown fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly, Plaintiff fails to state plausible First Amendment retaliation claims against Defendants Scanlon and Brown.

### 2.    Defendant Brock

Plaintiff alleges that Defendant Brock told Plaintiff that he had destroyed, and would continue to destroy, Plaintiff's legal work because Plaintiff has "taken him to court on several instances and because [Plaintiff] [has] written grievances on him." (Compl., ECF No. 1, PageID.5.) Plaintiff also contends that Sergeant Brock ordered Plaintiff to get a different state-issued chair when Plaintiff moved to a new unit at MCF—rather than keeping the chair that was originally assigned to Plaintiff—"solely out of spite by this officer who is a racist and a prejudicial human

being that literally hates [Plaintiff] for reasons that are simply based on his own distorted belief system." (*Id.*, PageID.7.)

The filing of a civil rights action is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002). Likewise, the filing of a nonfrivolous prison grievance is also constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith*, 250 F.3d at 1037; *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Although Plaintiff's allegations regarding any civil rights actions and grievances that Plaintiff filed are vague and conclusory, because the filing of each constitutes protected activity, the Court assumes, without deciding, that Plaintiff has stated the first element of a First Amendment retaliation claim.

With regard to the second element, the adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendant's conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell*, 308 F.3d at 606 (emphasis in original). With respect to requiring Plaintiff to use a different state-issued chair, although is appears that Plaintiff wished to continue to use his original chair, Plaintiff has not shown that a person of ordinary firmness would likely be deterred from engaging in protected conduct if required to use a different state-issued chair in his cell. However, with respect to the alleged destruction of Plaintiff's legal work, the Court assumes, without deciding, that a person of ordinary firmness would likely be deterred from engaging in protected conduct if his legal work was destroyed.

Finally, to satisfy the third element of a retaliation claim, Plaintiff must allege facts that support an inference that the adverse action was motivated by the protected conduct. Plaintiff alleges that Defendant Brock told Plaintiff that he had destroyed Plaintiff's legal work because

12

Plaintiff has "taken him to court on several instances and because [Plaintiff] [has] written grievances on him." (Compl., ECF No. 1, PageID.5.) Although Plaintiff has by no means proven retaliation, viewing the allegations in the complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff appears to state a retaliation claim against Sergeant Brock.

### D.      Fourteenth Amendment Claims Regarding Loss of Property

Plaintiff alleges that the destruction of his mail and the removal of his state-issued chair violated his Fourteenth Amendment right to due process. (Compl., ECF No. 1, PageID.4–5.)

Plaintiff's due process claim is barred by the doctrine set forth in *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, an individual deprived of property by a "random and unauthorized act" of a state employee cannot maintain a federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, while real, is not "without due process of law." *Id.* at 537. This doctrine applies to both negligent and intentional deprivations of property, as long as the deprivation was not pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Plaintiff must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). The Sixth Circuit has noted that a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. As to Plaintiff's legal mail, in order to replace the free copies of any legal mail sent to Plaintiff or to replace the copies of Plaintiff's legal mail that he attempted to send, Plaintiff requires funds to pay for a second copy. With respect to Plaintiff's state-issued chair, Plaintiff's allegations do not suggest that the chair in question was his personal property. Further, Plaintiff was not denied a state-issued chair; instead, he was directed

to use a different state-issued chair when he was moved to a new unit at MCF. Regardless, as explained below, Plaintiff has not alleged that state post-deprivation remedies are inadequate.

A prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MDOC Policy Directive 04.07.112, ¶ b (eff. Dec. 12, 2013). Aggrieved prisoners may submit claims for property loss of less than $1,000.00 to the State Administrative Board. Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (eff. Oct. 21, 2013). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments or officers." Mich. Comp. Laws § 600.6419(1)(a) (eff. Nov. 12, 2013). The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff alleges no reason why a state-court action would not afford him complete relief for the deprivations, either negligent or intentional, of his personal property. Accordingly, Plaintiff's due process claims against Defendants regarding the loss of his property will be dismissed.

### E.    Eighth Amendment Claims Regarding Right to be Free From Cruel and Unusual Punishment

Plaintiff alleges that the "combined and individual actions" of Defendants Brock, Scanlon, and Brown, as set forth in his complaint, "violate the [Eighth] Amendment[']s ban on cruel and unusual punishment." (Compl., ECF No. 1, PageID.4.)

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam)

(quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, the prisoner must show that he faced a sufficiently serious risk to his health or safety and that defendants acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

Plaintiff's allegations regarding Defendants' alleged interference with his legal mail, retaliation against him, and violation of his due process rights with respect to his property do not

implicate the Eighth Amendment. Therefore, Plaintiff's Eighth Amendment claims are properly dismissed.

## Conclusion

Plaintiff's motion for an evidentiary hearing to determine the need for sanctions (ECF No. 2) will be denied, and Plaintiff's motion for subpoenas (ECF No. 4) and motion for preliminary injunction and temporary restraining order (ECF No. 7) will be denied without prejudice.

Furthermore, having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's Fourteenth Amendment due process claims and Eighth Amendment claims will be dismissed for failure to state a claim under 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's First Amendment retaliation claims against Defendants Scanlon and Brown. Plaintiff's claims against Defendants Brock, Scanlon, and Brown regarding the opening of, and interference with, his legal mail and the denial of his access to the courts remain in the case. Additionally, Plaintiff's First Amendment retaliation claim against Sergeant Brock remains in the case.

An order consistent with this opinion will be entered.


Dated: June 8, 2022                                  /s/ Gordon J. Quist
                                         _____
                                                GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE