UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH, #267009,  )
              Plaintiff,  )
                       )    No. 1:22-cv-149
-v-  )
                       )    Honorable Paul L. Maloney
JASON BROCK, *et al.*,  )
              Defendants.  )
                       )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Smith, a prisoner under the control of the Michigan Department of Corrections (MDOC), alleges the defendants violated his civil rights. Defendants Brock, Brown and Scanlon filed a motion for summary judgment in which they argue Plaintiff failed to properly exhaust his administrative remedies (ECF No. 61). The Magistrate Judge issued a report recommending this Court grant the motion (ECF No. 78). Plaintiff filed objections (ECF No. 81). The Court will adopt the report and recommendation and will grant Defendants' motion.

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per

curiam).  This Court does not consider arguments that were not presented in the documents reviewed by the Magistrate Judge.  *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.") (citations omitted).

The Magistrate Judge described the remaining claims in this lawsuit: (1) First Amendment interference with legal mail and access to the courts against Defendants Brock, Scanlon and Brown; and (2) First Amendment retaliation against Defendant Brock.  The Magistrate Judge recommends dismissing the claims against Defendant Brock without prejudice.  The Magistrate Judge recommends dismissing all claims against Defendants Scanlon and Brown without prejudice except for the claim exhausted by the 1322 Grievance.

A.

Grievance 1553.  Plaintiff filed Grievance 1553 on December 21, 2021.  In the grievance, Plaintiff complains about an interaction with Defendant Brock that occurred on December 18, 2021.  The Magistrate Judge identifies three problems with Plaintiff's reliance on the grievance as a means of exhausting administrative remedies: (1) Plaintiff filed the complaint before submitting Step III of the grievance process; (2) the prison rejected Step III because Plaintiff neglected to include the Step II response; and (3) the subject of the grievance did not pertain the Brock's alleged interference with Plaintiff's mail but addressed Brock's alleged retaliation for a lawsuit.  The Magistrate Judge found that Plaintiff's response to the motion for summary judgment addressed only the second concern and that Plaintiff's

response did not rely on any evidence but on conjecture and speculation. The Magistrate Judge also found that Plaintiff's failure to respond to the other two concerns constituted a waiver.

Plaintiff objects.

1. Plaintiff objects to the third reason (grievance concerned retaliation claim not interference with mail claim). The Court overrules the objection. The substance of the grievance is an alleged incident of intimidation or retaliation that occurred on December 18, 2021, in the Food Service Building. The grievance does not mention interference with legal mail and cannot exhaust any claim for interference with legal mail. Defendants explicitly made this argument in their motion and Plaintiff did not address it. And, Plaintiff's objection still does not address the problem identified by Defendants—Grievance 1553 is about a single incident where Defendant Brock allegedly attempted to intimidate Plaintiff as retaliation for filing a lawsuit.

2. Plaintiff objects to the first reason (complaint filed before the submission of Step III). The Court overrules the objection. MDOC's rejection of Step I and Step II does not make the process futile such that the failure to submit Step III can be excused.

3. The Court need not resolve Plaintiff's objection the second reason.

### B.

Grievance 1322. The Magistrate Judge finds that Grievance 1322 exhausts a claim for mail interference against Defendants Scanlon and Brown for an incident that occurred on October 13, 2021. The Magistrate Judge rejected Plaintiff's argument that the grievance exhausted a claim for a pattern or practice of interference with his legal mail.

Plaintiff objects to the conclusion that the grievance could not exhaust a claim for a pattern or practice. The Court overrules the objection. The Magistrate Judge, relying on Sixth Circuit precedent, explained why discrete incidents of interference with legal mail must be grieved separately.

C.

Unavailability of the Grievance Process. The Magistrate Judge concludes Plaintiff failed to present sufficient evidence to prove that Defendants rendered the grievance process unavailable during the period in question. The Magistrate Judge finds that Plaintiff's allegations lack sufficient detail. The Magistrate Judge also finds that those same allegations demonstrate that the grievance process was available to Plaintiff and that he used the grievance process.

Plaintiff objects to the conclusion that the record lacks specific evidence that Defendants interfered with the grievance process (Objections 5 and 6). The Court overrules Plaintiff's objections. The Report and Recommendation accurately described the record and correctly applied the law to the facts in the record. At the time the Magistrate Judge issued the R&R, other than Grievance 1322, Plaintiff had put forth few details and even less evidence to show specific instances of interference with his legal mail. The complaint itself is not evidence for the purpose of a motion for summary judgment. The affidavit accompanying the complaint (ECF No. 1-1) describes statements made by Defendant Brock. The affidavit mentions a single specific instance of interference with legal mail, which allegedly occurred on November 15, 2021 (PageID.12). The affidavit provides no context or dates for any of the other incidents allegedly mentioned by Defendant Brock. In his

response (which contains a verification statement—PageID.267) Plaintiff asserts, without any details whatsoever, that Defendant Brock removed 13 grievances from the mail (PageID.261). Plaintiff's objection attempts to correct this oversight. But, none of this information was ever presented to the Magistrate Judge.

The Court need not resolve Plaintiff's objection to the Magistrate Judge's conclusion that Plaintiff continued to use the grievance process in which he continued to raise the same issues that are the subject of this lawsuit.

## II.

Accordingly, the Court **ADOPTS** as its Opinion the Report and Recommendation (ECF No. 78). The Court **GRANTS** Defendants' motion for summary judgment (ECF No. 61). The Court DISMISSES without prejudice Plaintiff's claims against Defendant Brock. The Court **DISMISSES** without prejudice Plaintiff's claims against Defendant Brown and Defendant Scanlon except for his claim that was exhausted in Grievance 1322. **IT IS SO ORDERED.**

Date:   May 24, 2023                               /s/  Paul L. Maloney
                                                   Paul L. Maloney
                                                   United States District Judge